Sadge A. Hildebrandt
Name

305 S Main St

Ottawa, KS 66067
Address

FILED
MAR 17 2025
Clerk, U.S. District Court
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Sadge A. Hildebrandt, Plaintiff
(Full Name)

V.

Jeff Richards, Defendant(s)
Franklin County Jail Administrators
(Official and Individual Capacity's)

CASE NO. 25-3043-JWL
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Sadge A. Hildebrandt, is a citizen of Kansas
   (Plaintiff)                              (State)

   who presently resides at Franklin County Detention Center
   Ottawa, KS                                (Mailing address or place
   of confinement.)

2) Defendant Jeff Richards (official and individual capacity) is a citizen of
   (Name of first defendant)

   Ottawa, Kansas                                                 , and is employed as
   (City, State)

   Franklin County Sheriff                                         . At the time the
   (Position and title, if any)

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

   Jeff Richards is the Sheriff of Franklin County,
   Kansas, in charge of oversight of the Jail.

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                      1

3) Defendant <u>Tammy Alexander (official and individual capacity)</u> is a citizen of
   (Name of second defendant)

<u>Ottawa, Kansas</u>, and is employed as
   (City, state)

<u>Lieutenant of Franklin County Jail</u>. At the time the
   (Position and title, if any)

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

<u>Lt. Alexander is the Lieutenant of Jail Operations, in charge of Franklin County Jails daily Operations.</u>

(Use the additional pages to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

<u>Additionally, 28 U.S.C. § 1343(a)(3) and (4)</u>

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

<u>The Franklin County Detention Center Administration is denying me access to church, repeatedly, without factual justification. I have exhausted all grievance procedures, and suggested multiple remedy's without success. The initial claim of an inmate housed in the area where services are held having relation to my case has been disproven, having my attorney is clueless to this claim. Despite requests and grievances, the facility refuses to rectify or employ least restrictive means.</u>

<u>Defendants' Continued</u>

4) Defendant Kyle Lasswell (official and individual capacity) is a citizen of Ottawa, Kansas, and is employed as Franklin County Undersheriff. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If "yes", briefly explain: Undersheriff Lasswell is the Undersheriff of Franklin County Kansas, in command of Jail Operations, Over H. Alexander.

5) Defendant Maddie Garner (official and individual capacity) is a citizen of Ottawa, Kansas, and is employed as Sergeant of Franklin County Jail. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If "yes", briefly explain: Sgt. Garner is Sgt. of Franklin County Jail, and oversees the daily operations under H. Alexander.

6) Defendant Dawson Powell (official and individual capacity) is a citizen of Ottawa, Kansas, and is employed as Franklin County Jail Correctional Officer. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☐ No ☐. If "yes", briefly explain: Officer Powell is a correctional officer of the Franklin County Jail.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

   A) (1) Count I: _Violation of First Amendment Rights to freely exercise religion and right to assembly_

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.): _Since 11/16/24 I have been denied access to group services for arbitrary and unjustifiable reasons, ultimitly puting a substantial burden on my Religion by restricting me from access to group worship, a fundamental practice of christianity._

   B) (1) Count II: _Violation of Fourteenth Amendment; Right to due process and equal protection under the law_

   (2) Supporting Facts: _The continued denial despite the disprovin claim constitutes arbitrary and discriminatory treatment by the Jail Administration. Sherriff Richards, Undersherriff Laswell, Lt. Alexander,_

<u>Cause of Action Supporting facts</u>

A) 2) On 12/24/24, I was informed by staff I could not attend church due to alleged connection between an individual housed in the area services are held and my criminal case, a claim not corroborated by my attorney or parole officer. Despite this, the facility shifted it's reasoning, citing my saftey as the concern as stated by Sgt. Garner on 2/13/25 at approximatley 12:56pm. Despite my attendence of a service without incident on 2/2/25, Although I was removed within 5 minutes due to officers fabricated perception of tension, not corroborated by other officers present. The Officer who made the call for my removal is unknown to me. Subsequently, I continued submitting requests to attend church due to there clearly being no safety or security issue, to which officer Powell denied on 2/18/25 stating that request has been denied repeatedly. It is also important to note that during my removal from church on 2/2/25 an inmate came forward who I believe to be the reason for the restriction, offered to return to his cell so I could stay for a service, to which the staff denied. The continued denial of church is arbitrary after this event and the facility refuses to rectify the issue.

B) 2) Sgt. Garner and officer powell have all denied me access, refusing to take steps to rectify the issue. These administrators have offered one on ones repeatedly, veiwing this as automatic justification, one on ones do not replace group worship, a core aspect of the christian faith. The administration is prioritizing another inmates rights over mine by denying me access to church services based on statements made to Lt. Alexander by the inmate, therby infringing on my right to due process and equal protection under the law. It is also important to note that on 2/28/25 I suggested to Lt. Alexander that housing the individual in a different area would allow rotating attendance, to which she denied, further demonstrating deliberate indifference to my rights. This differential treatment by the Jail Administration is causing me significant emotional distress, its causing me feelings of injustice and discrimination which exacerbate my stress and anxiety. The lack of transparency regarding the restriction further compound these feelings, leaving me feeling helpless and uncertain, amplifying my loniness and depression by excluding me from worship.

Cause of Action + Supporting Facts

C)2) During this discussion I suggested to Lt. Alexander, relocating the inmate responsible for my church restriction to a different area, to allow rotating church attendance, to which she unjustifiably denied this proposal. The administrators consistently show deliberate indifference to my rights without valid reason, restricting me to one on one pastor visits, which do not substitute for group worship. I have neither threatend any inmates nor received disiplinary actions, demonstrating the denial and faliure to employ least restrictive means regarding my ability to attend church is unjustifiable and arbitrary. Being denied church services causes significant emotional distress and fustration. Each Sunday, the sounds of music and aroma of coffee serve as constant reminders of the community and spiritual connection I am missing, amplifying loneliness & disclusion

Count IV: Violation of Eighth Amendment, Cruel and Unusual Punishment

Supporting facts: The actions of these Franklin County Jail Administrators constitute cruel and unusual punishment. By restricting my access to church services due to an inmates unknown claim to Lt. Alexander, they have unjustly punished me. Instead of relocating the inmate to allow rotating attendance, they have limited me to one on one visits with the pastor. This decision prioritizes the rights of the other inmate over mine, regardless of the fact that I have made no threats towards any inmates or staff and have recieved no disiplinary actions, this decision sublects me to arbitrary and unjustifiable punishment ultimitley. The only possible comment this inmate could have made to Lt. Alexander regarding me, that would have restricted my access to church is a threat. The decision to restrict my access is unjust and constitutes cruel and unusual punishment. It is also important to note the following facts for further understanding of the claims, I have been housed down the hall from the dayroom where services are held since my admission into the facility. I am not a confidential informant or a witness to anyones crimes in the facility. I havent threatend anyone inside or outside the facility. I havent had any disiplinary actions or showed any behavior that would be a reason to restrict my access to church nor do I pose a risk to anybody's saftey or well-being. Further demonstrating the Administrations decision to restrict my access to church is arbitrary and lacks any factual basis whatsoever. Also, on 2/18/25 the jail transfered inmate's to address overcrowding but overlooked me although I requested before hand due to my inability to attend services here. The decision to overlook me in this process further exhibits the adminstrations deliberate indifference to my rights.

C) (1) Count III: Violation of the Religious Land and Institutionalized Persons Act (RLUIPA)

(2) Supporting Facts: On 2/28/25 at or around 2:51pm I spoke to Lt. Alexander and informed her that she is required to take Least Restrictive Means necessary when denying an inmate church.

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit:

    Plaintiffs: N/A

    Defendants: N/A

    b) Name of court and docket number N/A
N/A

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

    d) Issues raised N/A

e) Approximate date of filing lawsuit   N/A

f) Approximate date of disposition   N/A

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

I suggesting being farmed out to another Jail, the Jail said I'm not allowed to request that. I suggested placing the inmate causing the restriction in a different area to allow rotating attendance. Denied w/o Justification.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

An injunction requiring the defendants to allow plaintiff to attend group worship in the facility. Compensatory damages in the amount of $150,000 for the emotional distress and violation of plaintiffs Constitutional rights. Punitive damages in the amount of $75,000 to deter future violations of inmates rights. Any other relief the court deems proper.

_____     _Sadeo Hildebrandt_
Signature of Attorney (if any)      Signature of Plaintiff

_____
_____
_____
(Attorney's full address and telephone number)

XE-2 8/82           CIVIL RIGHTS COMPLAINT §1983

5