IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Sadge A. Hildebrandt,
 Plaintiff,

Case No. 25-3043-JWL

V.

JEFF Richards, et al.,
 Defendants,

## Cause to not Dismiss

Plaintiff Sadge A. Hildebrandt, pro se, Submits the following to show good cause to not dismiss this action against Lt. Tammy Alexander in her official and individual capacity and why and how she is liable for punitive damages; and how her actions constitute deliberate and intentional violation of the plaintiffs rights, Specifically, the First, and Fourteenth Amendment rights gaurenteed by the United States Constitution as well as violation of RLUIPA, the following reasons are:

1. The inmate housed in the dayroom/general population where group worship is held that was the cause of my restriction was the aggressor in a physical altercation where he

attacked another inmate prior to my attendance on 2/2/25. Lt. Alexander gave him no punishment or disiplinary action and he was still allowed to attend group worship. Which should have led to this inmate being restricted to one on ones and my group worship privlage granted by Lt. Alexander.

2. I respectfuly engaged Lt. Alexander in a conversation regarding my church restriction on 2/28/25 when she had prior knowledge of the inmate causing my restriction to have physicaly assaulted another inmate, but it was unknown to me at the time. I informed her of her duty to employ least restrictive means necassary and suggested rotating attendance to which she denied stating "Not gonna happen" and walked off while I was still trying to talk to her. Raising the question of what penological interest is it to respect the other inmates rights over mine after he physically assaulted another inmate if not by malicious intent. by Lt Alexander.

3. On 3/27/25 Lt. Alexander was in the area where

I was housed packing another inmate out. I took the opportunity to engage her in a conversation regarding my 6 month financial statement and tried to show show her the order from the court, she informed me that I need to write the FRCO court clerk for those documents but to quit talking because I was apparently interfering with official duty's. But seeing she was just watching the inmate pack his stuff up I tried again to speak with her to help her understand the urgency of the matter and that I had a dead line to meet, to which she continued to ignore me. After the inmate packing his belongings left, Lt. Alexander and another officer remained in the housing area, So I reingaged her in a conversation about the church denial, I reinformed her of the least restrictive means obligation and tried to get her to help me understand why the denial persisted, I told her if someone had threatend my saftey the decision to restrict me from group worship is unjust, and it should be the other way around. During my pleadings to Lt Alexander she never looked at me or spoke to Me. After the other officer

finished what he was doing in the pod on the way out the door Lt. Alexander said to the other officer, "we'll be back to deal with Hildebrandt". They returned 5 minutes later and pulled me out to the hallway. I brought my court order for the financial statement with me and handed it to Lt. Alexander then was handcuffed by the other officer I said "am I going to Jail?" and he said "yep, going to Jail", demonstrating our light heartedness in the matter. Lt. Alexander immediatly grabbed my arm after being handcuffed and pulled it behind upwards uncomfortably and when I asked why she was doing that she said I wasnt moving although she grabbed me imediatly after being handcuffed and had never been directed as to what was going. I asked her if she felt like these actions were excessive to which she ignored. Once in the elevator I continued to try to reason with her to which she said "Face the wall", I put my body facing the wall and continued to try to talk to her, then she said "Put your nose against the wall" and then she pushed my oppisate shoulder to her against the wall which

made an audible thud against the wall and caused the other officer to exclaim "Whoa" clearly shocked by her conduct. Once the evelator arrived in Booking I was allowed to walk on my own and was placed in Detox (the padded cell). 20 min later Lt Alexander opened the door and told me the court order is for me/plaintiff to obtain the financial record and that I would have to write the FRCO court clerk to pay for the financial documents, then she stated "this isnt the first time I've been sued and it wont be the last", and that she "wasnt gonna help me sue them" reffering to the financial document. I tried to explain to her that the order is "requesting the document from the institutional officer" but she continued to talk over me not listening. I then tried to reingage her in conversation about my church denial telling her I dont understand the continued denial and their is no reason I cant be around the specific inmate. To which she said Saftey and Security and shut the door and walked off leaving me stressed out and extreme feelings of injustice. An hour later I was returned to my housing area with no disiplinary actions.

Defendant, Lt. Tammy Alexanders conduct was backed by evil and malicious intent as shown in the following events. Demonstrated by her decision to continue housing an inmate that had attacked another inmate in the dayroom where services are held with no punishment or restrictions, yet she continued to deny me access to group worship for over 2 months after this incident that took place sometime prior to 2/2/25. It is important to note that the inmate who attacked another inmate was the sole alledged reason for my denial by Lt Alexander for group worship, and that on every Sunday they pull inmates out of every pod in the facility and bring them to the dayroom for services. This denial could and should have been rectifyed with justification by Lt Alexander but she chose not to, not by negligence, but deliberate indifferance. She knew since my first church denial on 11/16/24 that I wanted to go to group worship, and then I consistantly greived the decison and put in requests, even spoke to my criminal attorney and parole

officer, mental health, and the one on one pastor regarding my denial, adamently seeking rectification or understanding since there was no legal reason I couldn't be around this person and I attended a service on 2/2/25 without issue. The continued denial by Lt. Alexander especially after the inmate causing my restriction had attacked another inmate without punishment or restriction was not backed by penological intrest but personal interest of Lt Alexander because she did not like me as demonstrated by the event on 3/27/25. Defendant Lt Tammy Alexanders decision to not punish or restrict the inmate responsible for my restriction after he attacked another inmate and allow me to attend group worship is a clear violation of the 14th Amendment due process clause. Defendant Lt tammy Alexanders decision to not allow rotating attendance or employ least restrictive means especially after the inmate causing my restriction had assaulted another inmate demonstrates the faliure and decision to not do these things was not backed by Penological interest

but malicious intent, as demonstrated by the events on 3/27/25.

Violation of First Amendment rights/RLUIPA

• Defendant lt. Tammy Alexanders actions constitute a violation of my First Amendment rights aswell as RLUIPA. The continued denial was arbitrary and malicious, esspecially after the inmate allegedly responsible for my denial had attacked another inmate. lt. Alexanders decision to continue to substantially burden my religous practice of group worship was unjustified and not due to negligence but evil intent and deliberate indifferance as demonstrated.

Violation of 14th Amendment due process/discrimination

• Defendant lt. Tammy Alexanders actions violate my 14th Amendment rights by denying me equal protection under the law and the right to due process. The continued denial despite the disprovin original reason, and the inmate allegedly causing my

restriction having attacked another inmate but still allowed to attend church, unpunished, constitutes arbitrary, discriminatory, and malicious treatment, being the continued denial was not due to negligence but deliberate indifference towards my constitutional rights.

It is important to note that I did not attend a service on 2/13/25 but it was on that day that Sgt. Garner informed me I was removed on 2/2/25 from the service due to "Staffs perception of tension" that was fabricated to justify my removal, when I was just sitting at a table waiting on the service to start like everybody else.

Respectfully Submited
Sadye Hildebrantt

The facility I am currently at said they wont supply me with copy paper with copy paper even though I told them why I needed it, that is why my show cause is on notebook paper. The following documents enclosed are my reasons that Lt Alexander is liable for punitive damages in her official and individual capacity and why her actions violate my First and Fourteenth Amendment rights aswell as RLUIPA.