IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SADGE A. HILDEBRANDT,**

    **Plaintiff,**

    v.        CASE NO. 25-3043-JWL

**JEFF RICHARDS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Franklin County Detention Center in Ottawa, Kansas ("FCDC"). Plaintiff is currently housed at the Osage County Jail in Lyndon, Kansas ("OCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 9, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 9). The Court's screening standards are set forth in the MOSC.

Plaintiff's factual allegations are set forth in detail in the Court's MOSC. In summary, Plaintiff asserts a First Amendment claim as well as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc *et seq.*). He alleges that from November 16, 2024, until he was transferred to the OCJ[1], he was denied access to group services, with the exception of being allowed to attend group worship on February 2, and a partial service on February 13, 2025. Plaintiff also acknowledges that he was offered one-on-one services with

---

[1] On April 2, 2025, Plaintiff gave a change of address noting that he was in custody at the OCJ.

a pastor. Plaintiff alleges that the jail's justification for denying group service was that an inmate that is related to Plaintiff's case is housed in the area where church services are held.

Plaintiff also alleges a Fourteenth Amendment violation, arguing that the continued denial of group worship is discriminatory and arbitrary. Plaintiff also alleges cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 6. Plaintiff alleges that the denial of group worship based on an inmate's claim to Lt. Alexander unjustly punishes Plaintiff. *Id*. Plaintiff claims that he has not made threats or received disciplinary reports, and he is not a witness or confidential informant regarding any crimes in the facility. *Id*. Plaintiff alleges that inmates were transferred due to overcrowding, but although he requested a transfer, he was overlooked. *Id*.

For relief, Plaintiff requests injunctive relief requiring Defendants to allow Plaintiff to attend group worship. *Id*. at 8. Plaintiff also seeks $150,000 in compensatory damages for "emotional distress," and $75,000 in punitive damages. *Id*.

The Court found in the MOSC that Plaintiff failed to show a substantial burden on the practice of his religion. The Court ordered Plaintiff to show good cause why his First Amendment and RLUIPA claims should not be dismissed. The Court also found that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff failed to allege deliberate indifference by any defendant. The Court ordered Plaintiff to show good cause why his cruel and unusual punishment claim should not be dismissed.

Plaintiff also alleges a Fourteenth Amendment violation. Plaintiff alleges that he was discriminated against and denied equal protection. Plaintiff alleges that staff are prioritizing the other inmate's rights over Plaintiff's rights. *Id*. at 5. Plaintiff claims that staff refused to move

the other inmate to a different area. *Id*. He also claims that other inmates were transferred due to overcrowding, but he was overlooked. *Id*. at 6. However, the Court noted in the MOSC that Plaintiff has now been transferred to the OCJ.

The Court found that Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). Plaintiff failed to allege that the other inmates were similarly situated in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted). The Court ordered Plaintiff to show good cause why his discrimination claim should not be dismissed.

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; and Plaintiff's request for injunctive relief is moot because Plaintiff is no longer confined at the FCDC.

Plaintiff's response fails to cure the deficiencies set forth in the MOSC. Plaintiff alleges that the inmate that prevented him from attended group worship was actually an aggressor in a physical altercation with another inmate. (Doc. 9, at 1–2.) Plaintiff argues that based on this incident, that inmate should have been restricted to one-on-one worship, and Plaintiff should have

been allowed to attend group worship. *Id*. Plaintiff argues that he also suggested rotating attendances between him and the other inmate. *Id*. at 2.

Plaintiff states that he attempted to talk to Lt. Alexander about a financial statement while she was packing another inmate out, but she refused to engage because Plaintiff "was apparently interfering with official duties." *Id*. at 3. After the other inmate left, Plaintiff tried to discuss the group worship issue, but Lt. Alexander did not look at Plaintiff or speak to him. *Id*. She stated that she would be back to deal with Plaintiff. Plaintiff alleges that when Lt. Alexander and another officer returned, Plaintiff was handcuffed and Lt. Alexander said it was because Plaintiff was not moving. *Id*. at 4. Plaintiff then sets forth his difficulty in obtaining his six-month account statement. *Id*. at 5. He claims that his interactions with Lt. Alexander show that she did not like Plaintiff. *Id*. at 7.

Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. The Court found in the MOSC that mere inconvenience, negligence, and isolated or sporadic incidents are not sufficient to show a substantial burden on a sincerely held religious belief. Even if a substantial burden is shown, adequate justification has been found where denying group worship for inmates "would have a serious impact on (1) prison security, (2) the safety of prison staff and other inmates, and (3) prison resources." *Williams v. Miller*, 696 F. App'x 862, 864–65 (10th Cir. 2017) (unpublished) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S. Ct. 2400, 96 L.Ed.2d 282 (1987) (prison regulations requiring inmates working outside to remain outside all day did not violate the First Amendment's Free Exercise Clause even though the regulations resulted in Muslim inmates missing Jumu'ah)).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 5, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
